UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**KIMBERLEE VEN HOUSEN,**

    Plaintiff,

  v.                                    Case No. 20-CV-1097 (NJ)

**WINNEBAGO INDUSTRIES, INC.**
**MERCEDES-BENZ USA, INC., and**
**RV WORLD INC OF NOKOMIS d/b/a**
**GERZENYS RV WORLD,**

    Defendants.

---

**STATE FARM AUTO INSURANCE COMPANY**
**OF BLOOMINGTON, ILLINOIS,**

    Plaintiff,

**KIMBERLEE VEN HOUSEN,**

    Involuntary Plaintiff,

  v.                                    Case No. 20-CV-1099 (WED)

**WINNEBAGO INDUSTRIES, INC. and**
**MERCEDES-BENZ USA, INC.,**

    Defendants.

---

## ORDER

---

Kimberlee Ven Housen sued Winnebago Industries, Inc., RV World, Inc. of Nokomis d/b/a Gerzeny's RV World, and Mercedes-Benz USA, LLC in Walworth County Circuit Court for damages stemming from an allegedly defective Winnebago RV. Ven Housen was insured by State Farm Mutual Automobile Insurance Company, who filed a separate lawsuit

in Walworth County Circuit Court against Winnebago and Mercedes-Benz USA to recover payments made to Ven Housen due to the defendants' allegedly defective product. Winnebago, who is represented by the same counsel in both actions, removed both cases to federal court, invoking the court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1). ("*Ven Housen*" E.D. Wis. Case No. 20-CV-1097; "*State Farm*" E.D. Wis. Case No. 20-CV-1099.) Winnebago has moved for an order consolidating the two cases. (Case No. 20-CV-1097, Docket # 3; Case No. 20-CV-1099, Docket # 2.)

Before addressing Winnebago's consolidation motion[1], however, I must address whether jurisdiction in this Court is proper. Under § 1332(a)(1), federal district courts have original jurisdiction to hear all civil actions between citizens of different States when the amount in controversy exceeds $75,000, exclusive of interest or costs. "[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978). The burden of persuasion for establishing diversity jurisdiction is on the party asserting it. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *see also Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010).

In the *Ven Housen* case, Ven Housen alleges that Mercedes-Benz USA, LLC is a foreign corporation with its "principal offices" in New Jersey (Compl. ¶ 4 in Case No. 20-CV-1097) and Winnebago repeats this allegation in its Notice of Removal (Notice of Removal ¶ 14, Docket # 1 in Case No. 20-CV-1097.) Although Ven Housen names Mercedes-Benz USA, LLC as a limited liability company, it has treated it as if it were a corporation. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009) ("A corporation is a citizen of the states

---

[1] A motion to consolidate two or more cases will be decided by the judge to whom the lowest number case is assigned. Civil L.R. 42 (E.D. Wis.).

of its incorporation and principal place of business."). Similarly, in the *State Farm* case, State Farm alleges that Mercedes-Benz USA, LLC is a "foreign corporation with its principal office" in Georgia (Compl. ¶ 4 in 20-CV-1099) and Winnebago again repeats in its Notice of Removal that Mercedes-Benz is a "foreign corporation" with its "principal place of business" in Georgia (Notice of Removal ¶ 15, Docket # 1 in 20-CV-1099).

For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all its members, not on its principal place of business or the jurisdiction under whose laws it is organized. *See Muscarello*, 610 F.3d at 424; *see also Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007); *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). Members of an LLC may include "partnerships, corporations, and other entities that have multiple citizenships." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir.2006). "A federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships." *Id.* at 348. "If even one investor in an LP or LLC has the same citizenship as any party on the other side of the litigation, complete diversity is missing and the suit must be dismissed." *White Pearl Inversiones S.A. v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011).

Alleged jurisdictional facts must be supported by competent proof. *Hertz Corp.*, 559 U.S. at 96–97. Again, the burden of persuasion for establishing diversity jurisdiction is on the party asserting it. *Muscarello*, 610 F.3d at 425. Accordingly, it is unclear from the present complaints and Notices of Removal whether the Court has diversity jurisdiction over these two actions. Winnebago will be granted leave to file an amended Notice of Removal in both Case Nos. 20-CV-1097 and 20-CV-1099 to cure the defects in its jurisdictional allegations. Failure to file amended Notices of Removal consistent with this Order by the given deadline

3

will result in remand of the actions to the Walworth County Circuit Court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Winnebago has leave to file amended Notices of Removal in Case Nos. 20-CV-1097 and 20-CV-1099 that properly allege Mercedes-Benz USA, LLC's citizenship by no later than **August 20, 2020**. Failure to file amended Notices of Removal consistent with this Order by the given deadline will result in remand of these actions to state court for lack of subject matter jurisdiction.

Dated at Milwaukee, Wisconsin this 6th day of August, 2020.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge