UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

KIMBERLEE VEN HOUSEN,

    Plaintiff,                        Case No.: 20-CV-1097

v.

WINNEBAGO INDUSTRIES, INC.,
MERCEDES-BENZ USA LLC and RV
WORLD INC. OF NOKOMIS d/b/a
GERZENYS RV WORLD,

    Defendants.

And

---

STATE FARM AUTO INSURANCE COMPANY
OF BLOOMINGTON, ILLINOIS,

    Plaintiff,                        Case No. 20-CV-1099

KIMBERLEE VEN HOUSEN,

    Involuntary Plaintiff,

v.

WINNEBAGO INDUSTRIES, INC. and
MERCEDES-BENZ USA, INC.,

    Defendants.

---

## JOINT PRELIMINARY PRETRIAL 26(F) REPORT

Plaintiff, Kimberlee Ven Housen, by her attorney, Christina M. Phillips of Merlin Law Group; and Plaintiff, State Farm Auto Insurance Company of Bloomington, IL by its attorney, Kevin T. Roach; and Defendants, Winnebago Industries, Inc. and Gerzenys RV World, by its attorney, Nathaniel Cade Jr. of Cade Law Group, LLC; and Defendant, Mercedes-Benz USA, Inc., by its attorney Jeffrey S. Fertl of Hinshaw & Culbertson LLP, respectfully submit the following

report pursuant to Fed. R. Civ. P. 26(f), for purposes of the scheduling conference on October 9, 2020.

Pursuant to Fed. R. Civ. P. 26(f), a conference was held on October 1, 2020. The Attorneys listed above participated in the telephone conference.

**Nature of the Case.** The above-captioned matter arises out of a fire that occurred on June 14, 2017 at the residence of the plaintiff, Kimberlee Ven Housen. Plaintiff alleges that the fire originated in a 2017 Winnebago View 24J Sprinter. It is further alleged that the vehicle chassis was distributed by the defendant, Mercedes-Benz USA, LLC and that the defendant, Winnebago, installed the remaining components on the vehicle. The subject vehicle was sold to the plaintiff by the defendant, RV World Inc. of Nokomis d/b/a Gerzeny's RV World. State Farm provided insurance coverage to the plaintiff for certain of her losses.

Plaintiffs have alleged multiple causes of action against the defendants, including breach of warranty, breach of contract, strict liability and negligence. Plaintiff, Ven Housen, seeks damages for uninsured losses of real and personal property, vehicular damage and loss of business income. State Farm is seeking recovery of amounts paid to the plaintiff pursuant to their policy of insurance. Defendants have denied the allegations and asserted various affirmative defenses.

**Statutory Basis for Jurisdiction and Venue.** Jurisdiction in this Court is based upon this Court's diversity jurisdiction. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 in that this action involves a controversy that is properly and wholly between citizens of different states. In addition, the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

The United States District Court for the Eastern District of Wisconsin has jurisdiction over this action as the events that give rise to the purported violations occurred in Walworth County, Wisconsin, which is within the Eastern District of Wisconsin.

**Amendment to the Pleadings.** After further investigation of the claims asserted in the Complaint, amendment to the pleadings may be necessary. The parties request **60 days** to file any pleading amendments.

**Initial Disclosures.** The disclosures required under Rule 26(a)(1) are necessary and disclosures will be exchanged **by October 23, 2020**. No changes are proposed regarding the form or requirements for Rule 26(a)(1) disclosures.

**Length of Trial.** At this point the parties' best estimate of the length of the trial will be **5-7 trial days**.

**Electronically Stored Information.** The parties do not anticipate that a significant amount of electronically stored information will be requested or produced. Disclosure and discovery of electronically stored information should be handled through initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), or through requests for production of documents. Electronic discovery shall be produced to the requesting party in a commercially reasonable manner. Each party and each attorney in this case shall take reasonable steps to preserve electronically stored information that is relevant to any claim or defense in this case, whether or not the information is admissible at trial. This requirement relates back to the point in time when the party or attorney reasonably anticipated litigation about these matters.

**Confidentiality.** The parties do not anticipate any disputes concerning confidentiality or claims of privilege.

**Orders.** The Parties do not contemplate any additional orders that should be entered by the Court under Federal Rules 16(b)-(c) or 26(c) other than the Scheduling Order. Motions made in the normal course of litigation pursuant to the Court's Orders, the Federal Rules of Civil Procedure, and the Local Rules may be filed as the case dictates.

**Change to Limitations on Discovery Imposed by Federal Rules.** The parties do not anticipate any changes to the limitations on discovery provided by the federal rules.

**Dispositive Motions.** The parties reserve the right to file dispositive motions with respect to some or all of the claims asserted in the Complaint and/or the affirmative defenses.

**Proposed Scheduling Order.** The Parties propose the following scheduling order in this case:

1. Discovery will be needed with respect to all matters relating to plaintiff's claims, as well as the defenses asserted by the defendants. The parties anticipate that discovery will continue for **14 months**. Discovery need not be conducted in phases or limited to or focused upon particular issues.

2. Plaintiffs to disclose expert witnesses with reports as required by Rule 26 **by April 1, 2021**.

3. Defendants to disclose expert witnesses with reports as required by Rule 26 as it relates to the claims of the plaintiffs, as well as any crossclaims against codefendants, **by July 1, 2021**.

4. Defendants to disclose expert witnesses with reports as required by Rule 26 as it relates to any crossclaims between codefendants **by September 1, 2021**.

5. All discovery to be completed **by December 1, 2021**.

6. Dispositive motions to be filed within **30 days** of completion of discovery.

**Electronic Service.** The parties confirm that documents filed through the Court's ECF system are served by ECF notification. The parties also consent that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(E) and that such service shall be complete

4

1033274\306725153.v1

Case 2:20-cv-01097-NJ   Filed 10/05/20   Page 4 of 6   Document 29

upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful.

Date: October 5, 2020                         */s/ Christina M. Phillips (w/permission)*
                                              Christina M. Phillips
                                              State Bar No. 1107696
                                              Attorneys for Plaintiff, Kimberlee Ven Housen
                                              **MERLIN LAW GROUP**
                                              181 W. Madison Street, Suite 3475
                                              Chicago, IL  60602
                                              Phone#:  312-260-0806
                                              E-mail Address:  cphillips@merlinlawgroup.com

Date: October 5, 2020              */s/ Kevin T. Roach (w/permission)*
                                                      Kevin T. Roach
                                                      State Bar No. 1022457
                                                      Attorneys for Plaintiff, State Farm Auto Insurance Company of Bloomington, IL
                                                      10425 W. North Avenue, Suite 314
                                                      Milwaukee, WI 53226
                                                      Phone#: 414-278-0303
                                                      E-mail Address: kevin@kroachlaw.com

Date: October 5, 2020              */s/ Nathaniel Cade, Jr. (w/permission)*
                                                      Nathaniel Cade, Jr.
                                                      State Bar No. 1028115
                                                      Attorneys for Defendants, Winnebago Industries, Inc. and Gerzeny's RV World
                                                      **CADE LAW GROUP, LLC**
                                                      P. O. Box 170887
                                                      Milwaukee, WI 53217
                                                      Phone#: 414-255-3811
                                                      E-mail Address: nate@cade-law.com

Date: October 5, 2020              */s Jeffrey S. Fertl*
                                                      Jeffrey S. Fertl
                                                      State Bar No. 1014806
                                                      Attorneys for Defendant, Mercedes-Benz USA, LLC
                                                      **HINSHAW & CULBERTSON LLP**
                                                      100 E. Wisconsin Avenue, Suite 2600
                                                      Milwaukee, WI 53202
                                                      Direct Phone#: 414-225-4812
                                                      E-mail Address: jfertl@hinshawlaw.com

1033274\306725153.v1