KIMBERLEE VEN HOUSEN,

    Plaintiff,

    v.                          Case No.  20-CV-1097

WINNEBAGO INDUSTRIES, INC.
MERCEDES-BENZ USA, INC., and
RV WORLD INC OF NOKOMIS d/b/a
GERZENYS RV WORLD,

    Defendants

and

STATE FARM AUTO INSURANCE COMPANY
OF BLOOMINGTON, ILLINOIS,

    Plaintiff,

KIMBERLEE VEN HOUSEN,

    Involuntary Plaintiff,

    v.                          Case No. 20-CV-1099

WINNEBAGO INDUSTRIES, INC. and
MERCEDES-BENZ USA, INC.,

    Defendants.

## DECISION AND ORDER ON DEFENDANT MERCEDES-BENZ'S MOTION TO STRIKE

       Kimberlee Ven Housen and State Farm Auto Insurance Company sue Winnebago Industries, Inc., RV World, Inc. of Nokomis d/b/a Gerzeny's RV World, and Mercedes-Benz USA, LLC for damages stemming from an allegedly defective Winnebago RV.

Currently before me is Mercedes-Benz's expedited non-dispositive motion to strike plaintiffs' expert witnesses and/or to compel compliance with Fed. R. Civ. P. 26(a)(2)(B). (Docket # 56.) For the reasons explained below, Mercedes-Benz's motion is denied.

## BACKGROUND

This lawsuit arises from a June 14, 2017 fire at the Ven Housen residence, which the plaintiffs allege originated in a 2017 Winnebago View 24-J Sprinter. Plaintiffs sue Mercedes-Benz for breach of warranty, strict liability, and negligence. State Farm seeks recovery of amounts paid to Ven Housen for the property loss. Ven Housen claims additional losses above and beyond the amounts paid by State Farm. (Docket # 56 at 2.) Pursuant to the Court's Scheduling Order, plaintiffs were required to disclose expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2) by June 4, 2021. (Text Order entered Apr. 26, 2021.) Both State Farm and Ven Housen timely produced disclosures identifying various expert witnesses, including liability expert Patrick Kane and damages expert Tim Barthelemy. (Docket # 54.) They did not, however, produce expert reports and material pursuant to Fed. R. Civ. P. 26(a)(2)(B). (Docket # 56 at 2.) Thus, Mercedes-Benz moves to strike Kane and Barthelemy for failure to produce expert reports. (*Id.*) Alternatively, it moves for an order compelling plaintiffs to provide the expert reports by a date certain and to make corresponding changes in the case calendar. (*Id.*)

The plaintiffs argue that neither Kane nor Barthelemy require disclosures under Rule 26(a)(2)(B) because the experts fall under Rule 26(a)(2)(C)—which addresses the disclosure of experts who were involved in the events leading up to the litigation—and thus need not provide an expert report. (Docket # 60, Docket # 63.) As such, plaintiffs contend that they have fully complied with their obligations under the federal rules.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 establishes two categories of expert witnesses for purposes of disclosure requirements. Rule 26(a)(2)(B) addresses witnesses who are retained or specially employed to provide expert testimony in the case or whose duties as the party's employee regularly involve giving expert testimony. These witnesses must provide a written report, prepared and signed by the witness, that includes the requirements set out in Rule 26(a)(2)(B)(i)-(vi). Experts, however, who fall outside of Rule 26(a)(2)(B), are subject to the more lenient disclosure obligations of Rule 26(a)(2)(C), needing only to disclose the subject matter on which they are expected to present evidence and a summary of the facts and opinions to which they are expected to testify.

Whether an expert witness falls under the requirements of Rule 26(a)(2)(B) or Rule 26(a)(2)(C) depends "on the expert's relationship to the issues in the lawsuit and whether his or her relationship developed prior to the commencement of the lawsuit." *Mlsna v. Union Pac. R.R. Co.*, No. 18-CV-37-WMC, 2019 WL 316743, at *2 (W.D. Wis. Jan. 24, 2019) (internal quotation and citation omitted). "Where an expert witness has 'formed his opinions in the normal course of his work,' instead of being 'asked to reach an opinion in connection with specific litigation,' the expert is not subject to Rule 26(a)(2)(B)." *Id.* (internal citations omitted).

## ANALYSIS

The question before me is whether Kane and Barthelemy are subject to Rule 26(a)(2)(B) or Rule 26(a)(2)(C). As to Kane, State Farm contends that he was asked to investigate the origin of the fire immediately after it occurred on June 18, 2017. (Docket # 63.) State Farm argues that Kane was not retained specifically for purposes of this litigation,

3

which was filed almost three years later in June 2020. (*Id.*) Furthermore, State Farm contends that Kane's disclosures do adhere to Rule 26(a)(2)(B) because they include a statement of any opinion that he intends to express and the basis, along with all of the facts and data he considered. (*Id.* at 3.) Thus, there is no prejudice or surprise to Mercedes-Benz. (*Id.*) Ven Housen argues that because Kane was retained by State Farm, she has no control over what category of expert he fits into and discloses him as a hybrid witness pursuant to Rule 26(a)(2)(C). (Docket # 60 at 4.)

As to Barthelemy, Ven Housen argues that he is a public adjuster hired by Ven Housen nearly three years prior to this litigation to assist in the preparation, presentation, and adjusting of the insurance claim. (Docket # 60 at 3.) She argues that Barthelemy assisted Ven Housen in determining the amount of her damages, but did not prepare a report in connection with his work as a public adjuster. (*Id.*) Rather, he prepared estimates of the amount of her losses and damages to her home, which have been produced and referenced as the basis for his opinions. (*Id.*)

I find that the plaintiffs' disclosures related to Kane and Barthelemy properly comply with Rule 26. As to Kane, Mercedes-Benz's sole argument as to why Kane falls under the ambit of Rule 26(a)(2)(B) is that he was retained to investigate the cause and origin of the fire and this is "clearly the type of expert testimony for which Rule 26 requires a written report." (Docket # 56 at 3–4.) But State Farm has designated two cause and origin experts: Robert Markiewicz and Kane. While both were initially retained to investigate the fire before litigation commenced, State Farm specifically asserts that Markiewicz has since been retained to provide expert testimony for purposes of the litigation and thus Markiewicz provided an expert report pursuant to Rule 26(a)(2)(B) . (Docket # 63-1 at 2.)

4

As such, although both investigated the origin of the fire prior to litigation commencing, State Farm decided to retain Markiewicz, but not Kane, as its expert witness for purposes of the litigation. Furthermore, while Kane may not have specifically provided a signed, written report, State Farm has provided a copy of Kane's complete file generated in this matter, which includes his notes from the scene of the fire and his opinion that the fire originated at the RV in the driveway and spread to the garage and residence. (Docket # 63-2.) Thus, it appears that Mercedes-Benz already has the "factual basis for [Kane's] opinions, and the opinions themselves." (Docket # 56 at 3–4.) There is no basis to strike Kane as a witness or to order further disclosure.

As to Barthelemy, Ven Housen contends that he was not asked to form an opinion for purposes of this litigation, but was retained three years prior to the litigation to assist in adjusting the insurance claim. (Docket # 60 at 3.) Mercedes-Benz cannot counter this assertion. Furthermore, Mercedes-Benz argues that it needs to know Barthelemy's specific opinions and the basis for the same (Docket # 56 at 4), but Ven Housen has already disclosed that Barthelemy intends to testify regarding the estimates he prepared (which have been produced) and the specific software he uses to assist in preparing his estimates (Docket # 60-1). As with Kane, there is no basis to strike Barthelemy as a witness or to order further disclosure. For these reasons, Mercedes-Benz's motion to strike is denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Mercedes-Benz's Motion to Strike (Docket # 56) is **DENIED**.

5

Dated at Milwaukee, Wisconsin this 23rd day of August, 2021.

BY THE COURT,

_____
NANCY JOSEPH
United States Magistrate Judge