UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**KIMBERLEE VEN HOUSEN,**

    Plaintiff,

  v.                                        Case No. 20-CV-1097

**WINNEBAGO INDUSTRIES, INC.**
**MERCEDES-BENZ USA, INC., and**
**RV WORLD INC OF NOKOMIS d/b/a**
**GERZENYS RV WORLD,**

    **Defendants**

and

**STATE FARM AUTO INSURANCE COMPANY**
**OF BLOOMINGTON, ILLINOIS,**

    Plaintiff,

**KIMBERLEE VEN HOUSEN,**

    Involuntary Plaintiff,

  v.                                        Case No. 20-CV-1099

**WINNEBAGO INDUSTRIES, INC. and**
**MERCEDES-BENZ USA, INC.,**

    Defendants.

### ORDER DENYING MERCEDES-BENZ USA, LLC'S MOTION FOR JUDGMENT

    Kimberlee Ven Housen and State Farm Mutual Automobile Insurance Company sue Winnebago Industries, Inc., RV World, Inc. of Nokomis d/b/a Gerzeny's RV World ("Gerzeny's"), and Mercedes-Benz USA, LLC for damages stemming from an allegedly

defective Winnebago RV. On March 10, 2022, Mercedes-Benz moved for summary judgment in its favor (Docket # 73), asserting that the undisputed evidence and expert testimony establishes that the fire was caused by the "Battery Boost" system that Winnebago added to the subject vehicle and there is no evidence to establish that the chassis Mercedes-Benz provided to Winnebago was defective in any way or caused the fire at issue (Docket # 74). Neither the plaintiffs nor the other defendants opposed Mercedes-Benz's motion (Docket # 83–85), as such, the motion was granted (Docket # 87).

Mercedes-Benz now moves for an entry of judgment against plaintiffs on the merits, plus the taxable costs as stipulated to by the parties. (Docket # 88.) This case, however, has not concluded. Not only do the plaintiffs' claims against Winnebago and Gerzeny's remain, but Mercedes-Benz continues to cross-claim against its co-defendants (Docket # 34), specifically preserving its "rights or claims against Winnebago and/or Gerzeny's for MBUSA's costs or fees related to this matter." (Docket # 86.) Dispositive motions are due by June 3, 2022. (Docket # 71.)

As a general matter, final judgment is not entered in a case until a final decision is rendered. A decision is "final" when it ends the litigation and leaves nothing to be decided in the district court. *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 186 (7th Cir. 2011). Fed. R. Civ. P. 54(b) does, however, permit entry of a partial final judgment, but "only when all of one party's claims or rights have been fully adjudicated, or when a distinct claim has been fully resolved with respect to all parties." *Factory Mut. Ins. Co. v. Bobst Grp. USA, Inc.*, 392 F.3d 922, 924 (7th Cir. 2004). As the Seventh Circuit explained, "[t]hese requirements are designed to ensure that the claim is distinct—the sort of dispute that, but for the joinder options in the Rules of Civil Procedure, would be a stand-alone lawsuit. Otherwise Rule 54(b) would

2

Case 2:20-cv-01097-NJ    Filed 05/16/22    Page 2 of 4    Document 90

amount to nothing more than an option on the district court's part to certify issues for interlocutory appeal." *Id.* For this reason, the Seventh Circuit has "insisted that Rule 54(b) be employed only when the subjects of the partial judgment do not overlap with those remaining in the district court." *Lottie v. W. Am. Ins. Co., of Ohio Cas. Grp. of Ins. Companies*, 408 F.3d 935, 938–39 (7th Cir. 2005). The court of appeals has stated that for a claim to be truly separate and distinct from the remaining pending claims, there must be "minimal factual overlap" between the claims. *Id.* at 939. Furthermore, in addition to the requirement that the claim on which partial judgment is entered be separable from the remaining claims, Rule 54(b) also requires that the Court make an express determination that there is no just reason to delay entering the judgment. *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 186 (7th Cir. 2011).

Mercedes-Benz does not attempt to show why, pursuant to Rule 54(b), a partial final judgment should be entered at this time. Even so, entry of a partial judgment as Mercedes-Benz requests would be improper under Rule 54(b). Again, partial final judgment may be entered only when all of one party's claims or rights have been fully adjudicated, or when a distinct claim has been fully resolved with respect to all parties. *Factory Mut. Ins. Co.*, 392 F.3d 922 at 924. Clearly Mercedes-Benz does not fall under the first situation as its counterclaim remains. And as to the second situation, plaintiffs' claims against Mercedes-Benz are not "distinct" from the claims remaining in the case. There is more than "minimal factual overlap" between these claims. Furthermore, there is just reason to delay entering a partial judgment. The deadlines for the remaining claims are quickly approaching. There is no reason to enter judgments piecemeal when "final" resolution of the case is likely on the horizon. For these reasons, Mercedes-Benz's motion for entry of judgment is denied.

3

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Mercedes-Benz's Motion for Entry of Judgment (Docket # 88) is **DENIED**.

Dated at Milwaukee, Wisconsin this 16th day of May, 2022.

BY THE COURT

NANCY JOSEPH
United States Magistrate Judge